Ruth HARRISON, Plaintiff-Appellant,

v.

Margaret H. HECKLER,* Secretary of Health and Human Services, Defendant-Appellee.

No. 83–2004.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1984.

Decided Sept. 10, 1984.

As Amended Nov. 1, 1984.

---

* Pursuant to Fed.R.App.P. 43(c)(1), Margaret H. Heckler, successor to the original appellee, Richard Schweiker, is substituted as the Secretary of Health and Human Services.

SSA charged Harrison with receiving an overpayment of $4,191.40, representing benefits received during the period from SSA's initial termination notice to the final hearing decision.

Harrison sought to have the repayment waived. An ALJ found that Harrison was not entitled to a waiver. The Appeals Council remanded the case to the ALJ with instructions that "... a finding of without fault may still be made if there is no obvious evidence which indicates that the recipient did not believe that she deserved the incorrect payments." The ALJ again found her not to be without fault and denied her a waiver. This decision was affirmed by the Council and became the Secretary's final decision.

Harrison sought judicial review. The district court granted defendant's motion for summary judgment.

John V. Johnson, Cameron, Persons, Persons & Miller, Chico, Cal., for plaintiff-appellant.

Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

Before SKOPIL and NORRIS, Circuit Judges, and STEPHENS,** District Judge.

SKOPIL, Circuit Judge:

Ruth Harrison seeks review of the Secretary's final decision requiring Harrison to repay alleged overpayments of benefits. The district court affirmed the agency's decision. We reverse.

## FACTS AND PROCEEDINGS BELOW

Harrison was found disabled and became eligible for Supplemental Security Income (SSI) benefits. Thereafter, the Social Security Administration (SSA) determined that she was no longer disabled and sought to discontinue her benefits. Harrison sought reconsideration of that decision and requested and received benefits until a final disability determination could be made. One year later, an ALJ affirmed the agency's decision to terminate benefits. The

## DISCUSSION

On appeal, Harrison contends that (1) she met her burden of proving that she was without fault and (2) there was not substantial evidence to support a finding that she did not have a reasonable belief that she was disabled.

Our review of the district court's grant of summary judgment is de novo. *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983). The Secretary's refusal to waive repayment should be affirmed if supported by substantial evidence, *Lewin v. Schweiker*, 654 F.2d 631, 633 (9th Cir.1981), and if the Secretary applied the proper legal standard, *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir.1978).

### I.

Under section 1631(b) of the Social Security Act as amended, 42 U.S.C.A. § 1383(b) (1983), whenever the Secretary finds that an incorrect amount of benefits has been paid to an individual, proper adjustment or recovery shall be made by ap-

** The Honorable Albert Lee Stephens, Jr., United States District Judge for the Central District of California, sitting by designation.

propriate adjustment in future payments, or by recovery from or payment to such individual. *Romero v. Harris,* 675 F.2d 1100, 1102 (10th Cir.1982). Recovery of an overpayment by the Secretary may be waived only if the recipient shows that: (1) he was without fault in connection with the overpayment, and (2) recovery would defeat the purpose of the SSI program, be inequitable, or impede efficient or the effective administration of Title XVI due to the small amount involved. 20 C.F.R. § 416.550 (1983). Fault may be found if the recipient: (1) makes a statement which he knows or should have known to be incorrect; (2) fails to furnish information which he knows or should have known to be material; or (3) accepts a payment which he knew or could have been expected to know was incorrect. 20 C.F.R. § 416.552 (1983). These waiver provisions have generally been applied in cases of overpayments caused by clerical error. *See, e.g., Sierakowski v. Weinberger,* 504 F.2d 831 (6th Cir.1974).

The Secretary argues that the standard for a fault determination in this case should be an objective test. Harrison, on the other hand, argues for a more subjective examination of the recipient's good faith belief regarding her continuing disability.

█ In interpreting identical language implementing section 204(b) of the Act, 42 U.S.C.A. § 404(b) (1983), defining fault in an overpayment of Federal Old Age, Survivors and Disability Insurance benefits, we noted that "... the decision which must be reached in a fault determination is highly subjective, highly dependent on the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation." *Elliott v. Weinberger,* 564 F.2d 1219, 1233 (9th Cir. 1977), *aff'd in part and rev'd in part,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). The fault determination requires a reasonable person to be viewed in the claimant's own circumstances and with whatever mental and physical limitations the claimant might have. *Id.* at 1233, n. 19.

In *Valente v. Secretary of Health and Human Services,* 733 F.2d 1037, 1040, n. 3 (2d Cir.1984), the court noted that "the standard for waiving recovery of overpayments contained in [section 204(b) of the Social Security Act, 42 U.S.C.A. § 404(b) (1983)] parallels the standard in section 1631(b)(1) of the Act as amended in 42 U.S.C.A. § 1383(b)(1) (1983)." There is support, then, for resolving questions under Title XVI with the approach utilized under Title II. This requires examining whether a person in the recipient's position could reasonably believe herself entitled to continued benefits during the appeals process, taking into account all of the recipient's circumstances, including mental and physical condition. The recipient still bears the burden of proving that she was "without fault" in acting as a reasonable person under that standard and that recovery of the overpayment would either defeat the purposes of the Act or be against equity and good conscience. 20 C.F.R. § 416.550 (1983).

█ Here, an examination of the evidence convinces us that regardless of which standard is applied, the result is the same. Under either an objective or subjective analysis of the available evidence, it cannot be said that Harrison "could have known or knew" that she accepted incorrect payments. A reasonable person in her position could not be expected to know that she was no longer entitled to benefits.

The decision to terminate Harrison's disability benefits was largely based on medical testimony, much of which is contradictory. Her psychiatrist concluded that a combination of mental and physical impairments rendered her incapacitated and unemployable. While the Secretary can argue that the totality of evidence may not justify Harrison's continued status as disabled, this does not address the evidentiary question of whether Harrison possessed a reasonable basis and was "at fault" for pursuing her claim during the one-year period. Under a completely objective assessment of the available evidence, it was not unreasonable for her to believe that genu-

ine issues remained to be presented to the ALJ. There was not substantial evidence under either standard to warrant a contrary conclusion. If reliance has been placed on one portion of the record to the disregard of overwhelming evidence to the contrary, the reviewing court must decide against the Secretary. *Lewin,* 654 F.2d at 635; *Davidson v. Harris,* 502 F.Supp. 1208, 1214 (E.D.Pa.1980). The "at fault" determination was not supported by substantial evidence.

## II.

■ Harrison must also show that recovery of the overpayment would defeat the purpose of the SSI program, be inequitable, or impede efficient administration. 20 C.F.R. § 416.550 (1983). The regulations provide alternative tests to determine whether recovery would defeat the purpose of the SSI program. 20 C.F.R. § 416.553 (1983). Recovery of an overpayment will be deemed to defeat the purpose of the program if the recipient's income is needed for ordinary and necessary living expenses or does not exceed an established dollar amount.[1] *Id.* Because her monthly income did not exceed the limit imposed by the regulations, recovery of the overpayment would defeat the purpose of the SSI program. *E.g., Romero,* 675 F.2d at 1105.

REVERSED.

---

**1.** The relevant agency regulations, in pertinent part, provide that recovery of overpayments will be assumed to defeat the purpose of the SSI program if the recipient's current monthly income does not exceed:

  (1) The applicable Federal monthly benefit rate; plus

  (2) One-third of the quarterly amount of the earned or unearned income exclusion described in § 416.1165 (i.e., $20); plus

  (3) One-third of the quarterly amount of the earned income exclusion described in § 416.1167 but no more than $65; plus

  (4) The applicable State supplementary payment, if any.

20 C.F.R. § 416.553(b) (1983).