**Evelyn TANNEHILL, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. CV87–PT–0873–S.**

United States District Court, N.D. Alabama, S.D.

Dec. 28, 1987.

---

Orzell Billingsley, Bessemer, Ala., for plaintiff.

Frank Donaldson, U.S. Atty., Jenny Smith, Asst. U.S. Atty., Bruce R. Gkranger, Chief Counsel, James N. Stephens, Principal Regional Counsel, Dennis R. Williams, Asst. Regional Counsel, Dept. of Health and Human Services, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

PROPST, District Judge.

This cause comes to be heard on plaintiff's appeal from the final decision of the Secretary of Health and Human Services which determined that she was "at fault" for receiving an overpayment of benefits. After plaintiff's request for reconsideration of the Secretary's initial determination was denied, plaintiff requested, and on May 9, 1986 received, a *de novo* hearing before an Administrative Law Judge (ALJ). The ALJ's decision was filed on August 27, 1986 and plaintiff's request for review by the Appeals Council was denied on March 31, 1987. The ALJ's decision stands as the final decision of the Secretary in this case. This appeal was brought in a timely fashion pursuant to 42 U.S.C. 405(g).

In his decision, the ALJ held that the claimant had been overpaid $12,167.00 for her "mother's" insurance benefits. He also found that recovery of the overpayment was not waived because she was not "without fault" in causing the overpayment, pursuant to 20 C.F.R. § 404.507.

The Appeals Council, however, modified the decision of the ALJ by applying 20 C.F.R §§ 404.510–11 (1986) to this decision.

In 1977, after her husband died, the plaintiff filed for "mother's" benefits for her two dependent children (Tr. 34), one of whom is mentally retarded. (Tr. 29). During the summer of that year, she testified that she was called by a woman at the Social Security Office in Tuscaloosa, Alabama. Mrs. Tannehill allegedly informed this person that she was working and "didn't want no mess with the Social Security." (Tr. 29). The plaintiff allegedly thought that she was filing for her minor children and that the benefits were for them, not for herself. (Tr. 29, 60). She was also allegedly informed by the person on the telephone that the personal information was retained so that when Mrs. Tannehill retired she would not have to supply this information again. (Tr. 29, 60). Thinking that the benefits would be for her children, she filled out the application. In the process, she checked a box that she agreed to file annual reports. (Tr. 36). Since that time, her retarded son entered a training program for the mentally impaired where he now resides. Unfortunately, however, Mrs. Tannehill did not file the required annual reports of her income until September 25, 1985 and then only after having been advised of an overpayment. (Tr. 5, 58, 28).

The plaintiff is an elementary school teacher, having earned both a bachelor's and a master's degree. (Tr. 27). In 1983 and 1984, she earned $19,279.06 and $20,183.92 respectively. When she was notified of the overpayment in May 1985, she requested that it be waived. This request was denied by the Social Security Administration and was subsequently determined to be "at fault" by the ALJ and the Appeals Council. The sole issue before the court, therefore, is whether the plaintiff can be considered "at fault" in causing the overpayment, which would bar any waiver of the overpayment.

It is apparent from the reading of the applicable law that the recovery waiver is subject to a two-prong test. The applicable

statutory provision states that "there shall be no adjustments of payments to, or recovery by the United States from, any person who is without fault *if* such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b) (1983).[1] Congress' intent was thus to require more than just the "no fault" test. *Id.* The legislative history of this statute makes it clear that "any beneficiary who is liable for repayment of an overpayment ... would be able to qualify for waiver of recovery of the overpaid amount if he is without fault *and* if he meets the other conditions prescribed in the law." *Id.* (emphasis added). These other conditions are whether such an adjustment or recovery "would defeat the purpose of this title" [2] or would be "against equity and good conscience." [3] 42 U.S.C. § 404(b). The Eleventh Circuit recognized this two-tier approach in *Viehman v. Schweiker*, 679 F.2d 223, 227 (1982).[4]

Subsequent to the statute's enactment by Congress, regulations defining the various terms of the test appeared in the *Code of Federal Regulations.* The initial question of whether the claimant is without fault is controlled by 20 C.F.R. § 404.507, 404.510–12 (1987). Since this payment is a deduction—overpayment, Sections 404.510 and 404.511 would be applicable as to what constitutes "fault." [5] An individual is "without fault," for instance, where she "[relies] upon erroneous information from an official source without the Social Security Administration ... with respect to the

interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto." [6]

Conversely, the *Code* also provides for when an individual is "at fault". For instance, section 404.511 states:

(a) *Degree of care.* An individual will not be "without fault" if the Administration has evidence in its possession which shows either a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the administration by an immediate report or by return of a benefit check. The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault in accepting a "deduction overpayment."

Further, in the determination of whether an individual is at fault, the Administration will consider all pertinent circumstances, "including ... age, intelligence, education, and physical and mental condition." [7]

The Eleventh Circuit in discussing this issue has included all of these factors. In

---

1. Act of January 2, 1968, Pub. L. No. 90–248, § 152(b).

2. This phrase is further explained in 20 C.F.R. § 404.508(a) (1987): "Defeat the purposes of Title II ... means defeat the purpose of benefits under title to deprive a person of income required for ordinary and necessary living expenses. This depends upon whether the person has an income or financial resources sufficient for more than ordinary and necessary needs, or is dependent upon all of his current benefits for such need." *Id.*

3. "Against equity and good conscience" means that adjustment on recovery of an incorrect payment ... will be considered inequitable if an individual, because of a notice that such payment would be made or by reason of a valuable

right ... or changed his or her position for the worse...." 20 C.F.R. § 404.509 (1987). *See also, Rini v. Harris*, 615 F.2d 625 (5th Cir.1980).

4. "The burden is upon the claimant to establish the negative prerequisite (without fault) before the Secretary considers the second tier of the waiver statute." *Viehman*, 679 F.2d at 227.

5. The plaintiff's reliance upon Section 404.507 is illfounded. That section excludes "deduction overpayments from the Rule."

6. 20 C.F.R. § 404.510(b) (1987).

7. 20 C.F.R. § 404.507 (1987). Only the latter part of this section on what constitutes fault seems to exclude deduction overpayments.

*Viehman v. Schweiker,* [8] for example, the plaintiff had a retarded daughter and continued to receive benefits on her behalf after her marriage. The court held that the claimant's testimony which established that he had reported this marriage, was sufficient if believed to prove that he was without fault. Where the claimant's testimony was critical, it was necessary that the factfinder articulate his reasons for questioning the claimant's credibility. Since the ALJ failed to do so, the case was remanded.

Recently, in *Jefferson v. Bowen* [9], the Eleventh Circuit shed more light on this issue. In that case, the claimant had received overpaid benefits and had failed to provide the required annual income reports. She had called the S.S.A. and informed them that she was still employed, but was assured that she would continue to receive benefits because she had a dependent child. Judge Kravitch in her opinion stated: "[T]he decision which must be reached in a fault determination is highly subjective, highly dependent on the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation." [10] The court then found that the A.L.J. had held the plaintiff to an objective standard rather than considering the subjective reasonableness of her actions. [11] Based on this conclusion, the plaintiff was then held to be "without fault." The court also examined Jefferson's failure to file the annual reports and concluded that "[i]t [was] simply unreasonable ... to expect that Mrs. Jefferson would recall a checkmark in a box from a form filled out in 1972 and because of that recollection, discount assurances she received from the S.S.A. several days after her husband's funeral." [12]

*Jefferson,* however, stressed the fact that the claimant had a limited education and had made substantial efforts to comply with the regulations. [13] The court did explain the *Viehman* decision, which is helpful in the present case. "*Viehman* stands for the proposition that one may be without fault if one *reasonably relies* on the S.S.A. The resolution of the issue turns on the subjective reasonableness of the claimant's action." [14]

Here, the misrepresentation made to Mrs. Tannehill is crucial to her subjective state of mind. She could logically infer from the conversation that the benefits were not based on her income, but on the needs of her children. Her retarded son continued in his program, and he was still dependent on her. So the fact she continued to receive the checks after he reached adulthood would not be an unusual circumstance. The fact that she checked the box on the application is also not persuasive. It is simply unreasonable, therefore, that Mrs. Tannehill "would recall a checkmark in a box from a form filled out" in 1977. *Jefferson,* 794 F.2d at 634.

A more perplexing problem before this court is that neither the ALJ nor the Appeals Council considered these misrepresentations in their respective opinions. The ALJ commented on the evidence in the following manner:

The claimant is certainly a well-educated person and capable of understanding the material contained in her application and the subsequent correspondence concerning the necessity to file an annual report of earnings. It is difficult to believe that she failed to receive these subsequent mailings or that she failed to comprehend the requirements outlined in her application in view of her education and work experience. (Tr. 14).

He seems to have based his decision on the plaintiff's notification of the filing require-

8. 679 F.2d 223 (11th Cir.1982).

9. 794 F.2d 631 (11th Cir.1986).

10. *Jefferson,* 794 F.2d at 633 (quoting *Harrison v. Heckler,* 746 F.2d 480, 482 (9th Cir.1984).

11. 2 *id.*

12. *Id.* at 634.

13. In this case, Mrs. Tannehill has a master's degree and she did not comply with the annual filing requirement until 1985. It should be noted, however, that she may have been under the belief that such was not necessary.

14. *Jefferson,* 794 F.2d at 633 (emphasis added).

ment via stuffers in the mail and on her education and experience. He failed, however, to discuss the misrepresentations, if any, and the impact that they might have had on the plaintiff. Indeed, under 20 C.F. R. § 404.512, a misrepresentation is grounds for waiver of the recovery requirement. The case will therefore be remanded to the Secretary for further consideration.