**Leonard ALBALOS, Plaintiff–Appellant,**

v.

**Louis S. SULLIVAN, M.D.,\* Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–15334.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1990.

Memorandum Filed April 24, 1990.

Opinion July 3, 1990.

As Amended Oct. 1, 1990.

---

\* Louis S. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

Carole F. Grossman and Gary F. Smith, Legal Services of Northern California, Woodland, Cal., for plaintiff-appellant.

Joseph Stein, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

## ORDER

The memorandum disposition filed April 24, 1990, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Plaintiff, Leonard Albalos, appeals the district court's judgment for the Secretary of Health and Human Services ("Secretary"). The Secretary refused to waive a deduction overpayment because Albalos failed to show he was "without fault" in failing to file excess earnings reports. The Secretary also imposed a penalty upon Albalos for these failures. We reverse.

## FACTS

Leonard Albalos was born in the Philippines in 1909 and speaks a Philippine dialect as his native language. He completed six grades of formal education in the Philippines before immigrating to the United States. For fifty-seven years, he has performed various unskilled jobs.

In 1972, Albalos applied for Social Security benefits. Albalos was required to file

annual earnings reports if he received earnings in excess of an exempt amount. 42 U.S.C. § 403(b). If these earnings create an overpayment of benefits, the Secretary is to make deductions from monthly benefits. 42 U.S.C. § 403(b).

In 1978, Albalos was advised of his failure to file a report for 1976. He suffered a deduction overpayment after failing to respond to the advisory notice.

Albalos also failed to file reports for 1978 and 1980. On April 26, 1984, he received a notice advising him of these failures and informing him that he would be subject to a deduction overpayment of $868.60 and a penalty of $295.50. Upon Albalos' request for reconsideration of the penalty, the penalty was doubled after a Social Security Administration representative discovered the penalty imposed for the 1976 failure.

Upon request for a hearing, the Administrative Law Judge ("ALJ") denied Albalos' claims as to the deduction overpayment and penalties for the 1978 and 1980 failures. The Appeals Council denied review. Albalos filed his complaint in the district court, pursuant to 42 U.S.C. § 405(g). The district court granted the Secretary's motion for summary judgment. Albalos filed timely notice of appeal. We have jurisdiction over the appeal. 28 U.S.C. § 1291.

## DISCUSSION

■ The court reviews the grant of summary judgment by the district court de novo. *Harrison v. Heckler*, 746 F.2d 480 (9th Cir.1984). The court must affirm if the Secretary's findings of fact are supported by "substantial evidence," 42 U.S.C. § 405(g), and if the Secretary applied the proper legal standard. *Harrison*, 746 F.2d at 481.

The ALJ refused to waive the deduction overpayment because Albalos was "not without fault." Under 42 U.S.C. § 404(b), being "without fault" is one of the requirements for waiver. The ALJ applied 20 C.F.R. § 404.507 in finding that Albalos was "not without fault." The ALJ applied this standard, even though 20 C.F.R. § 404.507 refers to 20 C.F.R. § 404.510 as

the applicable standard for deduction overpayments. Since the ALJ did apply the 20 C.F.R. § 404.507 standard, at least in part, we will first consider whether he took the proper factors into consideration.

That standard requires consideration of "all pertinent circumstances," including "age, intelligence, education, and physical and mental condition." This determination is "highly subjective, highly individualized, and highly dependent on the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation." *Elliott v. Weinberger*, 564 F.2d 1219, 1233 (9th Cir.1977), *aff'd in part and rev'd in part sub nom. Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

■ Although Albalos produced evidence on each of the factors described in 20 C.F.R. § 404.507, the ALJ failed to make findings on these factors. Those findings are mandated not only by 20 C.F.R. § 404.507, but also by 20 C.F.R. § 404.511. The latter regulation requires a finding of whether a "high degree of care" has been exercised before a "without fault" determination will be made. In turn, "high degree of care" depends on a consideration of the individual's circumstances. It does appear that 20 C.F.R. § 404.511 sets a higher standard than that set by 20 C.F.R. § 404.507, but both regulations require attention to the individual characteristics of the individual. That is reasonable, since it is difficult to assess fault in the subjective sense without knowing something about the subject. Because the ALJ did not make findings regarding those circumstances, we reverse.

■ Furthermore, we must reverse because no explicit finding as to Albalos' credibility was made. *Lewin v. Schwieker*, 654 F.2d 631, 635 (9th Cir.1981). Albalos' credibility was critical to the "without fault" determination. As *Lewin* stated:

The circuit courts have consistently recognized the need for full and detailed findings of fact essential to the Secretary's conclusion.

. . . .

The rule has been applied to credibility determinations and the courts have con-

sistently required that there be an explicit finding whether the Secretary believed or disbelieved the claimant whenever the claimant's credibility is a critical factor in the Secretary's decision.

. . . .

Because the ALJ's decision neither expressly discredits [the claimant's] testimony nor articulates any reasons for questioning her credibility, and fails to indicate the amount of weight given to various items of evidence, it cannot stand.

654 F.2d at 634–35. An "implicit" finding that Albalos was not credible does not satisfy this standard.

■ The Secretary argues that, even in the absence of a credibility determination, substantial evidence supported the Secretary's conclusion. We cannot agree. The ALJ did not base his decision purely on evidence in the record. The ALJ did properly rely on the acknowledgement of the reporting requirement in Albalos' application for benefits and the penalty for the 1976 failure, both of which were in the record. The ALJ, however, also relied on booklets allegedly given to Albalos when he applied for benefits and a March 16, 1978 letter which explained the initial penalty imposed for failure to file in 1976. Neither of these items is in evidence, and it is erroneous to rely on items not in the record. *See Kendrick v. Califano,* 460 F.Supp. 561, 571–72 (E.D.Va.1978). Thus, only two pieces of evidence properly support the ALJ's finding. The evidence of information given at the time of Albalos' application and the 1978 penalty evidence do have some weight, but given the failure to consider all of Albalos' circumstances, they are insufficient to support the decision against him.

■ We also reverse and remand on the penalty determination. First, if after a proper consideration of the evidence waiver is found to be proper, there is no predicate for imposition of a penalty. 42 U.S.C. § 403(h)(2). Second, the ALJ failed to make findings as to whether "good cause" existed to prevent imposition of the penalty. 42 U.S.C. § 403(*l*).

■ Albalos' request for attorney's fees is denied. A final judgment has not been entered. *Papazian v. Bowen,* 856 F.2d 1455 (9th Cir.1988).

In fine, while we do realize that ALJs are required to process a large number of cases, it is important that they make determinations after application of the proper law to all pertinent evidence in the record, and that they fully explain the legal and factual bases for these determinations. A failure to do so makes appropriate review almost impossible. We must, therefore, return this matter to the Secretary for a determination which clearly reflects reliance upon the proper regulations, and a consideration of all of the factors encompassed within those regulations.

The decision of the district court is REVERSED and the case REMANDED to the district court for remand to the Secretary for further proceedings consistent with this opinion.