Perry HYDE, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 04–35166.

D.C. No. CV–02–01748–GMK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided May 19, 2005.

---

Linda Ziskin, Portland, OR, for Plaintiff-Appellant.

Richard A. Sly, Law Offices, Craig J. Casey, Office of the U.S. Attorney, Portland, OR, Richard A. Morris, Office of the General Counsel, Seattle, WA, for Defendant-Appellee.

Before GOODWIN, TASHIMA and CLIFTON, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Plaintiff Perry A. Hyde appeals the district court's judgment affirming the final decision of the Commissioner of Social Security to deny his application for Supplemental Security Income disability benefits.

The ALJ did not err by favoring the opinion of the non-examining physician over the opinions of Plaintiff's treating and examining doctors. The ALJ did not solely base his determination on the testimony of the non-examining doctor, but considered a number of other factors as well which are documented in the record. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995) (stating that an ALJ can favor the opinion of a non-examining doctor when the ALJ offers specific and legitimate reasons that are supported by substantial evidence in the record). For instance, the ALJ noted that one of Plaintiff's treating physicians concluded that Plaintiff's laboratory tests were not diagnostic and were only suggestive that Plaintiff suffers from inner ear perilymph fistula. In addition, the ALJ explained that there was evidence in the record demonstrating that Plaintiff was exaggerating his symptoms.

The ALJ was also not required to disqualify the non-examining physician because there is no evidence that the physician was biased against Plaintiff or disability claimants in general. Furthermore, even if the non-examining physician was biased, any error that resulted from the failure to disqualify him was harmless because substantial additional evidence in the record supports the ALJ's findings.

Plaintiff's claim that the ALJ improperly relied on evidence outside of the record also fails. As a preliminary matter, Plain-

of this circuit except as provided by Ninth Circuit Rule 36–3.

tiff did not raise this issue before the district court, and we generally do not consider issues that are raised for the first time on appeal. *Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985). Furthermore, even if we consider the merits of this argument, Plaintiff is not entitled to relief. Unlike other cases where we have concluded that an ALJ erred by relying on evidence outside the record, in the instant case, substantial evidence in the record supports the ALJ's decision that Plaintiff is not disabled. *Cf. Day v. Weinberger,* 522 F.2d 1154 (9th Cir.1975); *Albalos v. Sullivan,* 907 F.2d 871 (9th Cir.1990). Consequently, the ALJ's consideration of any extra-record evidence was incidental to his decision, and any error was harmless. *See Nelson v. Apfel,* 131 F.3d 1228, 1236–37 (7th Cir.1997).

Finally, the evidence Plaintiff submitted to the Appeals Council does not provide a basis upon which this case should be remanded for an award of benefits. The evidence simply restates arguments that were already presented to the ALJ and which the ALJ rejected based upon substantial evidence in the record.

**AFFIRMED.**

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.