**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN L. GOSSENS, | No. 08-35758 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00153-CSO |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted April 7, 2010[**]
Seattle, Washington

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Marilyn Gossens was overpaid Social Security disability benefits between

the years of 2001 and 2002 in the amount of $25,044.40, which she was ordered to

repay. She filed a Request for Waiver of Overpayment, which the Commissioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denied. She challenges that denial on appeal, and we affirm. Because the parties are familiar with the factual history of this case, we will not recount it here.

The regulations allow the Social Security Administration ("SSA") to waive an overpayment "if the claimant was without fault and if recovery would defeat the purpose of the Act or be contrary to equity and good conscience." *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990) (citing 20 C.F.R. § 404.509). "[T]he [SSA's] refusal to waive repayment should be affirmed if supported by substantial evidence and if the [SSA] applied the proper legal standard." *Id.*

1. The SSA and the ALJ both applied the proper legal standard. The ALJ detailed all of Gossens's reasons for not reporting her work activity and found them unreasonable. Though the ALJ did not use the word "unreasonable" to describe Gossens's excuses, there is no requirement to do so, and such a determination was implicit in the ALJ's findings. *See Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984) (detailing that courts should employ some manner of reasonableness test in determining whether there was fault, but nowhere requiring that the word "reasonable" be used).

2. Substantial evidence supported the ALJ's findings. Here, the ALJ based its decision to deny the waiver request on Gossens's admission that she received

notice that she was to report her work activity beginning in 2001 to the SSA, but that she nonetheless failed to report such work activity.

As to Gossens's explanations for failing to report her work activity, an ALJ may reject a claimant's testimony so long as the rejection is "accompanied by a specific finding to that effect, supported by a specific, cogent reason for the disbelief." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). In this case, the ALJ gave two specific and cogent reasons for rejecting Gossens's testimony: (1) Gossens testified that the SSA told her that she could make up to $10,400 per year, but she admits that she made $12,968.78 in 2004 and did not report those earnings, *cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (validating the use of inconsistent statements as a reason for discrediting claimant's testimony); and (2) Gossens claimed she thought she could work using the retirement or survivor's earnings, even though she was only fifty-seven years old. The ALJ, therefore, properly found Gossens lacked credibility, and, therefore, properly rejected Gossens's testimony.

**AFFIRMED**.