**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENDY PARKER, | No. 10-56664 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07008-AN |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding

Argued and Submitted March 8, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Rendy Parker appeals the denial of her application for social security

disability insurance benefits and supplemental security income under Titles II and

XVI of the Social Security Act. Because we are unable to determine the basis for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Appeals Council's decision or adequately evaluate its conclusions, we reverse and remand. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

Parker argues that the Appeals Council erred in concluding that her past work was as a bill collection clerk. In so concluding, the Appeals Council rejected the finding of the ALJ, which was based on the testimony of a vocational expert, that Parker's past work was as a car repossessor. At the February 11, 2009, hearing, the vocational expert initially testified that Parker's past work was best classified as "bill collection clerk" but then, after hearing Parker's testimony, concluded that "car repossessor" more accurately captured her last job. Parker's testimony at the hearing was that she left the office to arrange for the repossession of cars consistently "throughout a work week." This testimony formed the basis for the vocational expert's conclusion and, in turn, for the ALJ's disability determination.

If this testimony were accepted and credited, then it does indeed appear that the Appeals Council's conclusion would have to be reversed, as Parker's description of her job duties and the "bill collection clerk" job assigned by the Appeals Council just do not match. But in fact, the Appeals Council never mentioned this significant, probative evidence in its decision. *See Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

We cannot tell the reason for this vacuum. It is possible that the Appeals Council meant to reject Parker's testimony at the 2009 hearing regarding her former job as inconsistent with her testimony on the same subject at the hearings on the earlier application. Even so, "we must reverse because no explicit finding as to [Parker's] credibility was made" regarding this critical issue, and remand for further explanation. *Albalos v. Sullivan*, 907 F.2d 871, 873 (9th Cir. 1990); *see also Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986).

The Appeals Council also indicated that the ALJ had committed an error of law by reopening the decision regarding Parker's past work that was made in response to her previous applications. Because Parker alleged "changed circumstances indicating a greater disability," specifically, that she had reached "advanced age," res judicata did not bar reconsideration of her disability application. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) (internal quotation marks omitted); Social Security Acquiescence Ruling (AR) 97-4(9). Neither the ALJ nor the Appeals Council discussed, however, whether "new and material evidence" existed sufficient to defeat claim preclusion as applied to the previous ALJ's specific finding regarding Parker's past work. *See Chavez*, 844 F.2d at 694; AR 97-4(9). It is possible that the Appeals Council did not mention Parker's 2009 testimony as to her job duties because it believed that her testimony

3

was not "new and material," as it concerned a nonchanging matter already decided. But, again, we cannot affirm on a ground never articulated. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009).

Thus, although it is possible that the Appeals Council's decision left out Parker's 2009 testimony on one of the two grounds indicated, we cannot evaluate any such unarticulated reasons at this stage. Instead, we remand to the district court, with instructions to remand to the Secretary for further explanation of its holding.

REVERSED and REMANDED.