**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNIE LEE BASS, | No. 15-35287 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02025-RSL |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Submitted May 10, 2016[**]

Before: PREGERSON, LEAVY and OWENS, Circuit Judges.

Donnie Bass appeals pro se from the district court's grant of summary

judgment in favor of the Commissioner of Social Security. The district court

affirmed the Commissioner's decision requiring Bass to repay $8,845.19 in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

overpaid disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part and affirm in part.

**1.** We reverse the district court's determination that the ALJ did not err in holding that Bass was not entitled to a waiver of overpayment. A claimant is entitled to a waiver of overpayment if (1) a claimant is without fault in receiving the overpayment and (2) recovery would defeat the purposes of the Act or be contrary to equity and good conscience. 42 U.S.C. § 404(b).

The two reasons the ALJ provided do not constitute substantial evidence for its finding that Bass could have known he was being overpaid and was therefore at fault in incurring the overpayments because they do not bear on what a person in Bass's circumstances would reasonably have known. *See Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984) (explaining that the fault determination is "highly subjective"). First, that Bass was sent a routine booklet on reporting requirements when he initially received his award cannot, on its own, be sufficient. This would render a waiver of overpayment virtually unobtainable. Second, the routine notice that Bass received in 1999 (which the government notes cannot be located in the record) is likewise insufficient, as it was received well before the overpayments at issue and thus has little bearing on Bass's awareness at the time of the overpayments.

2

Further, recovery of payment from Bass would have also defeated the purposes of the Act and been contrary to equity and good conscience, as there is evidence that Bass needed the income for ordinary living expenses. *See* 42 U.S.C. § 404(b).

Accordingly, we hold that Bass was entitled to a waiver of overpayment.

**2.** We affirm the district court's determination that it lacked jurisdiction to consider Bass's claims for damages and medical expenses. *See* 42 U.S.C. §§ 405(g),(h) (the Social Security Act allows only for judicial review of a final decision of the Commissioner of Social Security and precludes any other action to recover).

**REVERSED in part, AFFIRMED in part.**

Appellee shall bear costs on appeal.