NOT FOR PUBLICATION



FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| KAY ANN NABIS-SMITH, | ) | No. 18-35757 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 6:16-cv-01915-JR |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 8, 2019**
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Kay Ann Nabis-Smith appeals the district court's judgment affirming the

Commissioner of Social Security's (Commissioner's) denial of her 2015

application for supplemental security income (SSI) benefits. We affirm.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Because the Commissioner had denied Nabis-Smith's earlier application for SSI benefits in 2012, the administrative law judge (ALJ) could presume that Nabis-Smith continued to be able to work unless Nabis-Smith proved "changed circumstances"—i.e., that her impairments had become more severe. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995); *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988); SSAR 97-4(9), 62 Fed. Reg. 64,038, 64,039 (Dec. 3, 1997). Substantial evidence supports the ALJ's conclusion that Nabis-Smith failed to do so. *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

The ALJ provided "'specific and legitimate reasons' . . . , supported by substantial evidence," to discount some of Dr. Spiller's opinions regarding the extent of Nabis-Smith's purported disability. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ also reasonably concluded that the opinions of Drs. Piercey and Smyth were not sufficient to show that Nabis-Smith's condition had deteriorated since 2012. *See Meanel v. Apfel*, 172 F.3d 1111, 1113–14 (9th Cir. 1999); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010). Finally, the ALJ gave "specific, clear and

convincing reasons,"[1] supported by substantial evidence, to discredit Nabis-Smith's claim of complete disability on the grounds that it was inconsistent with both her daily activities[2] and the level of treatment she received.[3] Thus, the ALJ properly adopted the 2012 residual functional capacity (RFC) assessment, which incorporated all of Nabis-Smith's pertinent limitations.[4]

Although the ALJ erred in relying on vocational expert testimony from the 2012 hearing that was not in the record,[5] the error was harmless because Nabis-Smith's RFC remained the same and, therefore, the vocational expert testimony would remain the same. *See Tommasetti*, 533 F.3d at 1038; *see also McLeod,* 640 F.3d at 888.

**AFFIRMED.**

---

[1]*Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted); *see also id.* at 1112–13.

[2]*See id.* at 1113; *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

[3]*See Molina*, 674 F.3d at 1113–14; *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).

[4]*See Turner*, 613 F.3d at 1223; *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

[5]*Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990) (per curiam); *see also* 20 C.F.R. § 416.1453(a).