**Colleen F. RICKETTS, Plaintiff,**

v.

**Margaret H. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 84–0112–D.

United States District Court,
W.D. Virginia,
Danville Division.

Jan. 6, 1986.

Henry G. Crider, Davis, Shupik & Crider, Chatham, Va., for plaintiff.

Jennie L. Montgomery, Asst. U.S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION

KISER, District Judge.

I. Introduction

Before the Court for review is the Report and Recommendation, filed on September 17, 1985, of the United States Magistrate to whom the above-captioned social security matter was assigned. Plaintiff filed timely objections on September 30, 1985, to the Magistrate's conclusions, and pursuant to 28 U.S.C. § 636(b)(1), the reviewing Court is charged with making a *de novo* determination of any portions of the Magistrate's Report to which specific objection is made.

## II. Background

Plaintiff's action in this Court challenges a final decision by the Secretary of Health and Human Services denying Plaintiff a waiver of recovery of $5,559.29 of Title II benefits overpaid to her between 1979 and 1981. Under 20 C.F.R. § 404.506, and pursuant to 42 U.S.C. § 404, waiver of the Secretary's right to recover overpayments will occur if the individual receiving them was without fault and such recovery would either "[d]efeat the purpose of title II ... or ... [b]e against equity and good conscience." As the meaning of "fault" is explained in 20 C.F.R. § 404.507, an individual is not "without fault" if the overpayment resulted from the following:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

The Administrative Law Judge concluded that under Subsection (b) above, the Plaintiff was not without fault with regard to the overpayments she received.

The undisputed facts in this case show that from 1961 until March of 1979, Plaintiff had received social security benefits on account of her wage earner husband. On March 23, 1979, the husband died and five days later a statement of death and burial expenses executed by the funeral director was filed with the Social Security Administration (SSA). On March 27, 1979, Plaintiff and her eldest son went to the local SSA office to report her husband's death, and Plaintiff filled out an application for her to be selected as payee of benefits for her younger son. Her testimony, which was corroborated by her eldest son, was that an office employee told her she was entitled to a separate check as well even though Plaintiff informed the employee that she was working. In fact, Plaintiff told the employee that whatever benefits were coming should go to her son. Nevertheless, Plaintiff began receiving a separate check from that of her son and assumed that she was entitled to it.

## III. Discussion

The controversy in this case centers on Plaintiff's obligation to file annual reports of her earnings. On or about July 7, 1961, and October 2, 1961, Plaintiff had executed an application for wife's insurance benefits and had checked off a block on the form to indicate that she agreed to file the annual report of earnings when required. The same section of the form, however, contains the following language: "A wife's entitlement ends with *the month before the month* in which ... her husband dies she might then become entitled to widow's benefits...." [emphasis in original]. Plaintiff had also checked off a block in which she agreed to inform the SSA of the occurrence of her husband's death or other specified events. On March 27, 1979, Plaintiff went to her local SSA office to comply with that requirement.

Plaintiff complied with her obligation to file annual earnings reports from 1961 until 1966. From 1967 until 1980 she failed to file earnings reports. Why she failed to file the reports is unclear. Nevertheless, it is clear that as of the month before her husband's death, Plaintiff's right to wife's benefits ended. The focus of this Court's inquiry must then be on the events of 1979 through 1981 and what Plaintiff knew or should have known her obligation to be during that period [a time when she was qualifying for widow's benefits]. It is uncontradicted both from Plaintiff and her son's testimony, as well as from documents submitted into the record, that Plaintiff received no information on her reporting obligation when she went to the SSA office in March of 1979. It is equally undisputed that as soon as Plaintiff was notified of the problem out of which the present case developed, Plaintiff filed 1980 and 1981 earnings reports.

Neither the Administrative Law Judge, the Magistrate, or the Plaintiff specifically

addressed the possible applicability of 20 C.F.R. § 404.510a to the present circumstances. That provision states in relevant part as follows:

> A benefit payment under title II ... of the Act to or on behalf of an individual who fails to meet one or more requirements for entitlement to such payment or a benefit payment exceeding the amount to which he is entitled constitutes an entitlement overpayment. Where an individual ... accepts such overpayment because of reliance on erroneous information from an official source within the Social Security Administration ... with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto ... such individual, in accepting such overpayment will be deemed to be "without fault"....

Moreover, 20 C.F.R. § 404.512(a) provides that "[i]n the situations described in ... 404.510a, adjustment or recovery will be waived since it will be deemed such adjustment or recovery is 'against equity and good conscience.'"

In the case of *Cucuzzella v. Weinberger*, 395 F.Supp. 1288 (D.Del.1975), the court remanded a social security disability matter to the Secretary on several grounds. Among them was the Administrative Law Judge's failure in light of 20 C.F.R. § 404.-510a to give any weight to testimony that a claims representative from the SSA had represented that plaintiff's son would continue to receive benefits without reporting his employment and that he was considered permanently disabled. The court noted that although, strictly speaking, perhaps what the representatives said was not "information" in the § 404.510a sense, "the spirit of the regulation is that good-faith reliance on information obtained from the Social Security Administration ought at least to be considered in determining whether an individual is 'without fault.'" *Id.* at 1295. The court further stated:

> The regulations dealing with repayment presuppose that there will be situations in which improper payments are received and retained and the recipient is nevertheless not at fault. Accordingly, it is clear that recipients are not always to be deemed to have knowledge of the law or to be charged with negligence for failing to know it. Rather, all the surrounding circumstances must be taken into account before a finding of negligence can properly be made....

*Id.* As noted in my prior discussion, the ALJ focused improperly on plaintiff's obligation to report her earnings while receiving wife's benefits and concluded that she knew or should have known the obligation continued. Unlike the ALJ in *Cucuzzella,* the one in the present case did consider the testimony about the conversation in the SSA office and found that Plaintiff had no evil motive or intent in not reporting her earnings for the period in question. Nevertheless, I find that the ALJ's ultimate conclusion was erroneous. He accepted the testimony that the conversation took place, did not find Plaintiff unworthy of belief, but yet found her not to be "without fault" in receiving and retaining the overpaid benefits. Under the circumstances, the findings of the ALJ must be reversed and the Magistrate's recommendations rejected.

Ordinarily, a remand would be warranted since the ALJ did not reach the issues of whether recoupment would be contrary to either the purposes of Title II or to principles of equity and good conscience. But 20 C.F.R. § 404.512(a) obviates such a determination because it provides that recovery by the SSA under such circumstances will be waived because it will be deemed to be "against equity and good conscience." Moreover, the Magistrate reviewed the Plaintiff's financial data and concluded that recovery of the overpayments would work a financial hardship on Plaintiff and "may even run counter to the purpose of the Act." Magistrate's Report at 5. Thus, the Magistrate found that had Plaintiff been found "without fault", she could have met the criteria in 20 C.F.R. § 404.508. Under that section, recovery is waived if it would deprive an individual of sufficient income to meet his "ordinary and necessary living expenses." Were I to remand this case, I

believe the Secretary would have to waive recovery under that section as defeating the purpose of Title II. Because the evidence was insufficient to support the conclusion that Plaintiff knew or should have known of her income reporting obligation when her status changed from wife to widow and because the undisputed testimony showed Plaintiff's reliance on an employee of the SSA for guidance after her husband died, §§ 404.510a and 404.512(a) mandate a finding that Plaintiff is without fault and that recovery of the overpayment would be "against equity and good conscience."

### IV. Conclusion

In accordance with the foregoing discussion, this Court will not accept the Report of the United States Magistrate. Instead, the decision of the Secretary to recover overpaid benefits in the amount of $5,559.29 from Plaintiff is reversed. Plaintiff is deemed "without fault" and recovery would be "against equity and good conscience."

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

### ORDER

In accordance with the Memorandum Opinion filed on this date, it is hereby ORDERED that:

1. The Report and Recommendation of the United States Magistrate, filed on September 17, 1985, and to which Plaintiff filed timely objections on September 30, 1985, is not accepted and the decision of the Secretary is hereby reversed.

2. Plaintiff is deemed to be "without fault" with regard to the overpayment of $5,559.29 in Title II benefits received by her between 1979 and 1981.

3. Pursuant to 20 C.F.R. § 404.512(a) recover of the overpayment would be "against equity and good conscience."

4. The Secretary shall waive recovery of the benefits overpaid to Plaintiff.

5. The Clerk shall send certified copies of this Order to all counsel of record.