**James ANDERSON, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–15624.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 1990.*

Memorandum Disposition June 21, 1990.

Order and Opinion Sept. 19, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Nancy Klein, San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiff-appellant.

Stephen A. Shefler, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

## ORDER

The memorandum disposition filed in this case on June 21, 1990, 905 F.2d 1540, is hereby redesignated an opinion authored by Judge Sneed.

## OPINION

SNEED, Circuit Judge:

In this appeal Anderson seeks waiver of recovery of an overpayment of $19,057.20 in Social Security retirement insurance benefits. The district court found that substantial evidence supported the Secretary's motion and accordingly granted appellee's motion for summary judgment. Appellant contends that the administrative law judge failed to consider the appropriate regulations regarding waiver, that the credibility finding was not supported by credible evidence, and that the record is not sufficiently developed to merit summary judgment. Our review of the district court's grant of summary judgment is de novo, *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), and the Secretary's refusal to waive repayment should be affirmed if supported by substantial evidence and if the Secretary applied the proper legal standard. 42 U.S.C. § 405(g) (1982); *see, e.g., Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575–76 (9th Cir.1988). We affirm.

## I.

### *FAILURE TO CONSIDER THE APPROPRIATE REGULATIONS*

 Under the regulations, the Secretary may waive repayment if the claimant was without fault and if recovery would defeat the purpose of the Act or be contrary to equity and good conscience. 20 C.F.R. § 404.509 (1989). Fault is defined as:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507 (1989). In making these determinations of fault, the agency "will consider all pertinent circumstances, including his age, intelligence, education, and physical and mental condition." *Id.* The claimant of an overpayment has the burden of proving that he was without fault. *See, e.g., Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir.1982); *cf. Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir.1984) (similar standard for Supplemental Security Income benefits); *Romero v. Harris*, 675 F.2d 1100, 1103 (10th Cir.1982) (same).

Appellant argues that this regulation essentially requires the Secretary to make an explicit finding regarding the application of these circumstances to the finding of fault. We conclude, however, that the ALJ properly applied the appropriate legal standard. The regulation does not state that the ALJ must make explicit findings regarding the claimant's age, intelligence, education, and physical and mental condition. Rather, it identifies these as "pertinent circumstances" for the ALJ to consider in determining whether "the facts show that the incorrect payment to the individual ... resulted from" the three criteria of fault. 20 C.F.R. § 404.507.

■ The ALJ did acknowledge that Anderson's alleged blindness, minimal education, and evident confusion were relevant factors in determining fault. Nevertheless, the ALJ did not find substantial evidence that these factors contributed to the overpayment.[1] Contrary to appellant's argument, therefore, the ALJ was not obliged to render a specific finding regarding the "pertinent circumstances" of age, intelligence, education, and physical and mental health. Rather, the regulation requires the ALJ to make fact findings regarding the three definitions of fault. The ALJ having properly made such determinations, the district court was correct to affirm the legal standard employed in the administrative proceedings.[2]

As a corollary to this legal standard argument, appellant also contends that the ALJ erred by not considering the effect of 20 C.F.R. § 404.510a. This regulation provides that a person who accepts an overpayment in reliance on erroneous information from SSA is deemed without fault.[3] The ALJ found no such misstatement by an SSA official and appellant's assertion of one is not supported by the record.

## II.

### CREDIBILITY FINDING

■ Appellant next asserts that the ALJ made no explicit credibility finding, but that his evaluation included the statement that Anderson's "testimony that he informed the Administration of the two social security numbers is not credible." Appellant makes three arguments that this credibility finding lacked substantial evidence to support it.

First, appellant claims that the transcript reveals confusion on appellant's part, rather than evasion. After carefully reviewing the transcript, we do not agree. Although appellant evidenced some confusion in the proceedings, the ALJ's finding that he was evasive is supported by substantial evidence. Indeed, when the ALJ asked him for documentary support for his contention that he told the agency about both Social Security numbers, appellant's response is revealing: "[T]hey probably wouldn't put anything in there that wouldn't be used against me. And I wouldn't either if I had any sense...." The high level of cognition in this answer supports our conclusion that the ALJ had substantial evidence on which

1. This case thus differs from *Valente v. Secretary of Health and Human Servs.*, 733 F.2d 1037 (2d Cir.1984), cited by appellant. In *Valente,* the court noted that the ALJ "recited these criteria at the beginning of his opinion, [but] he did not indicate how, or whether, he applied them." *Id.* at 1043. Unlike the ALJ in *Valente,* in this case the ALJ considered the pertinent circumstances by asking questions, for example, directed at gleaning the extent to which appellant's visual disability may have contributed to the overpayment.

2. We note that there is no showing in this case that the claimant's "pertinent circumstances" bore any relation to the overpayment. Faced with such evidence, the administrative law judge would have been required to make explic-

it fact findings regarding the applicability of these circumstances. Absent such a showing, and given the ALJ's credibility determination against the claimant, we uphold the standard used in these proceedings.

3. Cases cited by appellant suggest that the ALJ must consider this regulation only when he either accepts, or does not explicitly reject, the claimant's contention of having been misled by the agency. *See, e.g., Valente,* 733 F.2d at 1044; *Ricketts v. Heckler,* 631 F.Supp. 818, 820 (W.D. Va.1986); *Cucuzzella v. Weinberger,* 395 F.Supp. 1288, 1294 (D.Del.1975). In this case, the ALJ explicitly rejected the claim that the agency had misled appellant—the precise finding necessary to implicate this regulation.

to find a lack of credibility based on appellant's evasiveness.

Appellant next argues that the ALJ erred by concluding that Anderson made discrepant statements that would detract from his credibility. The statements that he never told SSA that he received two checks and that he informed SSA of his two numbers are consistent, he maintains. Although we agree that these two statements are not *per se* contradictory, they do relate to the "[f]ailure to furnish information which he knew or should have known to be material" as required for a fault showing in 20 C.F.R. § 404.507(b). On this basis, the ALJ did not err by concluding that the claimant's testimony lacked credibility.

Finally, appellant claims that the ALJ erred by finding an inconsistency between Anderson's testimony that he told the SSA in 1977 of the second number but asked in 1978 whether he could receive benefits under that number. The ALJ properly concluded that if such testimony were true the claimant would have no need to make a second request for benefits. This conclusion is bolstered by the appellant's sworn statement of September 11, 1985. In that statement appellant averred: "I have never told the Social Security Administration that I received two checks under two different social security numbers because they would probably delay my checks."

The ALJ thus had substantial evidence for an adverse credibility finding. As our court has stated in the context of Supplemental Security Income benefits, "an ALJ must be free to disregard self-serving statements that cannot be verified, and the ALJ's assessment of credibility must be given great weight." *Hudson v. Bowen,* 849 F.2d 433, 434 (9th Cir.1988); *see also Brawner v. Secretary of Health & Human Servs.,* 839 F.2d 432, 433 (9th Cir.1988) (per curiam) (same for disability benefits).

### III.

### APPELLANT'S CONTENTION THAT HE MEETS THE WAIVER REQUIREMENTS

Absent a finding that his testimony was credible, appellant must establish through documentary evidence that he meets the waiver requirements. The ALJ found that such evidence "clearly shows that the claimant never reported to the Administration that he was receiving payments under two social security numbers." We agree that substantial evidence supports this finding. The ALJ did not address whether appellant meets the financial requirement for waiver of 20 C.F.R. § 404.506 because of the finding that appellant was at fault regarding the overpayment.

Appellant attempts to persuade us that the pertinent circumstances of his case require a reversal or a remand. Appellant's citation of numerous cases with similar and distinguishing facts and the presentation of new evidence of blindness do not persuade us to adopt either disposition. In this case we must evaluate the evidence as it is presented. If we find that the ALJ had substantial evidence, we must affirm. *Cf. Harrison,* 746 F.2d at 481. Review of such decisions is highly deferential. In light of our earlier holding that the ALJ had substantial evidence to establish the appellant's fault and lack of credibility, we cannot reverse outright. 42 U.S.C. § 405(g).

■ In the alternative appellant urges us to remand for consideration of new evidence of blindness. We reject this suggestion. The ALJ considered the relationship of blindness to appellant's withholding of material information and found appellant at fault. Indeed, appellant responded to the question of his reading ability by stating that he could read and write "pretty good." Moreover, any new evidence of inability to see will not affect the analysis of appellant's withholding of information from the appropriate SSA officials. Its only relevance is that appellant failed to answer Question No. 4 on the 1978 application for benefits concerning a prior application. As the Appeals Council determined, "[w]ith respect to your vision problem, the Council is of the opinion that the Administrative Law Judge acknowledged your problem but found that the problem with your sight did not provide a basis for find-

ing that you were without fault in causing the overpayment as you could have had any pertinent material that you received read to you." We agree and find no basis on which to remand this case for further proceedings.

Accordingly, we affirm the district court's award of summary judgment.

AFFIRMED.