967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erma W. FOLEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 91-55604.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 29, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Erma Foley appeals from the district court's affirmance of the final decision of the Secretary of Health and Human Services ("the Secretary"). The Secretary refused to waive repayment of $7,043 in insurance benefits on the ground that Foley was at fault in failing to report her earnings. Foley contends that because she justifiably assumed that her earnings were community property, she was only required her to report half of her income to the Department of Health and Human Services ("DHHS"). We affirm because we conclude that the Secretary's determination that Foley was at fault in incurring the deduction overpayment is supported by substantial evidence.
 
 
 3
 We review de novo the district court's grant of summary judgment. Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir.1990). The refusal to waive repayment of a deduction overpayment must be affirmed if the Secretary's findings of fact are supported by substantial evidence and the proper legal standard was applied. Id.; Albalos v. Sullivan, 907 F.2d 871, 873 (9th Cir.1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir.1988).
 
 
 4
 If an individual receives an overpayment of Social Security benefits because of a failure to report a deduction, the Secretary is required to make an adjustment and seek repayment. 42 U.S.C. § 404(a). The Secretary may waive repayment where (1) an individual is without fault, and (2) recovery would defeat the purpose of Social Security or be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506. The recipient has the burden of proving that he or she was without fault. Anderson, 914 F.2d at 1122.
 
 
 5
 The regulations set forth specific circumstances demonstrating when an individual is not at fault in incurring an overpayment because of an improper deduction. 20 C.F.R. § 404.510. The ALJ found that none of these particular circumstances had been asserted. Foley has not relied on any of these circumstances in this appeal.
 
 
 6
 In discussing whether an individual is at fault in incurring a deduction overpayment, the regulations state:
 
 
 7
 An individual will not be "without fault" if the Administration has evidence in its possession which shows either a lack of good faith or failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration by an immediate report or by return of a benefit check. The high degree of care expected of an individual may vary with the complexity of the circumstances giving rise to the overpayment and the capacity of the particular payee to realize that he is being overpaid. Accordingly, variances in the personal circumstances and situations of individual payees are to be considered in determining whether the necessary degree of care has been exercised by an individual to warrant a finding that he was without fault in accepting a "deduction overpayment."
 
 
 8
 20 C.F.R. § 404.511.
 
 
 9
 The Social Security Act provides that deductions must be made from a beneficiary's payment if he or she earns more than the allowable limit. 42 U.S.C. § 403(b)(1); 20 C.F.R. 404.415; 20 C.F.R. 404.434. The application for retirement insurance benefits which Foley filled out and signed specifically informed her that "[a]n annual report of earnings must be filed with the Social Security Administration within 3 months and 15 days after the end of any taxable year in which you earned more than the exempt amount."
 
 
 10
 We are not persuaded that Foley's assumption that California's community property laws only required her to report half her earnings to the DHHS was reasonable. In Hisquierdo v. Hisquierdo, 439 U.S. 572 (1979), the Supreme Court held that federal law governed the distribution of a federal benefit held by a recipient obtaining a divorce under the community property laws of California. Id. at 581-91. The Court pointed out that the Supremacy Clause forbids California state law from prevailing over federal law if "the right as asserted conflicts with the express terms of federal law and [ ] its consequences sufficiently injure the objectives of the federal program to require nonrecognition." Id. at 583.
 
 
 11
 Foley asserts that the holding in Hisquierdo has been "nullified" by 45 U.S.C. 231m(b)(2). We disagree. The addition of 45 U.S.C. 231m(b)(2) changed the law only with respect to the retirement annuity for railroad workers at issue in Hisquierdo. Since Hisquierdo, California courts have consistently held that federal social security law preempts state community property law. See, e.g. In re Marriage of Hillerman, 109 Cal.App.3d 334, 345 (1980); In re Marriage of Cohen, 105 Cal.App.3d 836, 842-43 (1980). "Social Security has been structured so as to replace the diverse state law in the area (community as well as traditional domestic law) with a uniform federal system of distribution." In re Marriage of Hillerman, 109 Cal.App.3d at 345. We conclude that the federal law which regulates the receipt of Social Security benefits preempts any conflicting California law.
 
 
 12
 Foley also points out that 42 U.S.C. § 411(a)(5)(A) and (B) credit all the income derived from a business or a partnership in a community property state to the managing spouse for the purposes of social security earnings credit. She asserts that she reasonably assumed that her earnings would be considered community property unless she were directed otherwise. This contention is unpersuasive. In fact, the provision demonstrates that Congress has explicitly rejected a division of assets based on community property principles in the Social Security context.
 
 
 13
 In addition, we note that the application Foley signed specifically required her to report earnings, not her property interest therein, in any year in which she earned more than the exempt amount. Whatever Foley's property interest in her salary, there can be no doubt that she, not her husband, earned the money she was paid. It was therefore unreasonable for Foley to assume that California's community property laws bore any relations to the reporting requirements.
 
 
 14
 Foley's asserted reliance on community property laws in failing to report her income to DHHS is undermined by the fact that she earned $19,224 in 1985. Even if she reasonably assumed she was only required to report half of that amount, she was still well over the allowable earnings limit of $7,320.
 
 
 15
 Foley argues that she assumed that she could subtract deductions for travel and business expenses from her salary. She claims deductions for her travel to and from the school, equipment and magazines she bought to enhance her teaching, and a Christmas party. After deducting these expenses from her salary and dividing the remainder in half, her earnings would be below the allowable limit in 1985.
 
 
 16
 Foley was not entitled to deduct these amounts from her salary. While self-employed persons can deduct ordinary business expenses from their gross income, only amounts that the employer specifically designates as reimbursements for traveling or other business expenses are deductible under the DHHS regulations. 20 C.F.R. § 404.1045; 20 C.F.R. § 404.1080. Foley was not self-employed and the Los Angeles Unified School District did not earmark any of her salary for these expenses. Therefore, she was not permitted to deduct these expenses when determining whether to report her income to DHHS.
 
 
 17
 In sum, we hold that Foley has not met her burden in demonstrating that she was without fault in incurring a deduction overpayment. The regulations demand a high degree of care be exercised by those claiming to be without fault. Foley had actual notice of the requirement that she report her earnings to the DHHS. The requirement is neither complicated nor obscure. As the ALJ noted, Foley is an intelligent and well-educated former college professor. Her husband, who represented her throughout her administrative hearings and now in federal court, is a former attorney. The Secretary's determination that Foley was not without fault in incurring a deduction overpayment is supported by substantial evidence.
 
 
 18
 The Secretary did not violate 42 U.S.C. § 405(g) by failing to include Foley's 1986 earnings report, data relating to statements of Dr. Otis Bowen and Dr. Dorcas Hardy, or an article from an accounting magazine. The record presented by the Secretary contained ample evidence to support his findings and final decision.
 
 
 19
 Foley also asserts that the Social Security Act's disparate treatment of wage earners and self-employed individuals denies her equal protection of the law. Under 20 C.F.R. §§ 404.1045 and 404.1080, self-employed individuals can deduct their business and travel expenses from gross earnings, but employees cannot. We have previously held that the distinction is "entirely reasonable." Ballard v. Sullivan, 905 F.2d 257, 258 (9th Cir.1990); Greenhow v. Secretary of Health & Human Services, 863 F.2d 633, 638 (9th Cir.1988).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir. Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3