8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter IVERS, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary, HHS,
Defendant-Appellee.
 No. 92-15753.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 6, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Peter Ivers appeals pro se the district court's grant of summary judgment in favor of the Secretary of Health and Human Service ("Secretary"), affirming the Secretary's decision requiring him to repay $9,333 overpayment in Title II retirement benefits, 42 U.S.C. §§ 401 et seq. Ivers contends that the Secretary improperly refused to waive recovery of the overpayment based upon economic hardship. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir.1990). The refusal to waive repayment of a deduction overpayment must be affirmed if the Secretary's findings of fact are supported by substantial evidence and the proper legal standard was applied. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir.1988).
 
 
 4
 Recovery of a social security overpayment will be waived if the recipient was without fault and recovery of the overpayment would be against equity and good conscience. 20 C.F.R. § 404.506; Anderson, 914 F.2d at 1122. A recipient is without fault for acceptance of an overpayment and failure to report an accurate estimate of earnings where he or she did "[w]ork at a higher pay rate than realized." 20 C.F.R. § 404.510(f). A recipient, however, will not be without fault if the Secretary has evidence indicating the recipient's "lack of good faith or failure to exercise a high degree of care" in notifying the Secretary of changed circumstances which could result in overpayment. 20 C.F.R. § 404.511. In making this determination, all the circumstances, including the recipient's personal background and situation, must be considered. See 20 C.F.R. § 404.507; Anderson, 914 F.2d at 1122. " '[T]he decision which must be reached in a fault determination is highly subjective, highly dependent upon the state of mind of the claimant and the peculiar circumstances of his situation.' " Harrison v. Heckler, 746 F.2d 480, 482 (9th Cir.1984) (quoting Elliott v. Weinberger, 564 F.2d 1219, 1233 (9th Cir.1977, aff'd in part and rev'd in part, 442 U.S. 682 (1979)). The recipient has the burden of proving that he or she is without fault. Anderson, 914 F.2d at 1122.
 
 
 5
 Here, Ivers was born on December 23, 1922, and filed an application for retirement insurance benefits on October 3, 1984, shortly before attaining the age of 62. Ivers reported in his application that he expected 1985 earnings of $5,160. Ivers actually earned $13,440 in 1985 and $16,563 in 1986, well over the annual threshold earning limit and resulting in a net overpayment of $9,333 for those years. At the hearing concerning the overpayment, Ivers asserted that he did not accurately estimate his earnings and earned more than expected because his employer frequently changed his hourly rate. In its decision, however, the Administrative Law Judge (ALJ), doubted the credibility of Ivers' explanation in light of Ivers' testimony that earning limits for retirement benefits were unfair and his contradictory statements concerning his level of awareness on how higher earnings affected an individual's benefit level.
 
 
 6
 In regard to Ivers' reporting of the excess earnings, on March 30, 1987, Ivers received a Notice of Repayment for years 1985-86 which informed him that he had to file an Annual Report of his excess earnings within three and one-half months after the end of the taxable year. Ivers testified that he was not aware of this requirement even though it was explained in a paragraph in his original application for retirement insurance benefits. On April 14, 1987, Ivers spoke with a Social Security Administration official by phone and informed the official that he was taking care of a sick aunt and was unable to submit all the evidence of his excess earnings at this time. The official reminded Ivers that the 1986 Annual Report was due the next day, April 15, 1987. Ivers submitted the Annual Report on August 8, 1987, along with a letter which again explained the delay due to his care of a sick aunt. In its decision, the ALJ concluded that Ivers' conduct in regard to his late submission of the 1986 Annual Report indicated "a lack of good faith and a failure to exercise a high degree of care."
 
 
 7
 Upon review of the record, we hold that substantial evidence exists to show that Ivers was not without fault. The ALJ had substantial evidence for an adverse credibility finding concerning Ivers' explanation for his underestimation of his expected earnings. See Anderson, 914 F.2d at 1123-24 (noting that ALJ can disregard self-serving statements of recipient that cannot be verified and ALJ's assessment of credibility must be given great weight). In regard to whether Ivers' exercised good faith or a high degree of care in reporting his excess earnings, we note that the 1986 Annual Report was less than four month's late. Nonetheless, even if we were to hold that Ivers was reasonably diligent, he still has not met his burden in showing that he was without fault in the overpayment of benefits. See, e.g., 20 C.F.R. § 404.510; Anderson, 914 F.2d at 1122. While we sympathize with the hardship claimed by Ivers, hardship by itself is not a sufficient ground for waiver of repayment of Social Security funds. See 20 C.F.R. § 404.506; Anderson, 914 F.2d at 1122.
 
 
 8
 We have examined Ivers' remaining contentions and conclude that they are without merit. Accordingly, the district court's grant of summary judgment is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3