77 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ron ARNESON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary, Health and Human Services,
Defendant-Appellee.
 No. 94-35998.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1995.*
Decided Jan. 5, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 To be entitled to a waiver of overpayment, Arneson had to prove he was "without fault." Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir.1990). A waiver applicant is not "without fault" where there has been acceptance of a payment that the applicant could have been expected to know was incorrect. 20 C.F.R. § 404.507(c) (1994). Arneson argues that he shouldn't be held to have accepted the payments because he testified he didn't know his family had continued to receive benefits. The Secretary, however, found Arneson's testimony not credible, and this finding is supported by substantial evidence. There is evidence that Arneson had frequent contact with his family and that he provided support to his family. It was reasonable for the Secretary to infer that Arneson knew about his family's financial situation, including their continued receipt of average total benefits in excess of $1,000 per month.
 
 
 3
 There is also substantial evidence that Arneson could have been expected to know the payments in question, beginning in April 1988, were incorrect. The Secretary notified Arneson in July 1987 that his trial work period would likely end in December 1987 if he continued working, and that payments would continue for three months after the trial work period ended. The record also reflects that Arneson is a lawyer, who has handled social security matters for others.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3