**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. CHATMAN, | No. 10-17884 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-04723-CW |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted May 7, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges

Robert Chatman appeals pro se the district court's grant of summary

judgment in favor of the Commissioner of Social Security.  The district court

affirmed the Commissioner's decision requiring Chatman to repay $2,566.42 in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

overpaid supplemental security income (SSI) benefits he received under Title XVI of the Social Security Act. Chatman contends the Commissioner improperly refused to waive recovery of the overpaid benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's grant of summary judgment. *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990). The Commissioner's refusal to waive recovery of overpaid social security benefits must be affirmed if the Commissioner's findings of fact are supported by substantial evidence and the proper legal standards were applied. *Id.*

The regulations permit the Commissioner to waive recovery of overpaid benefits under certain circumstances provided the "overpaid individual was without fault in connection with an overpayment." 20 C.F.R. § 416.550(a). *Anderson*, 914 F.2d at 1122. An overpaid individual is at fault if the incorrect payment resulted from the individual's failure to furnish information which he knew or should have known was material. 20 C.F.R. § 416.552. The overpaid individual bears the burden of proving he was without fault. *McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000); *Anderson*, 914 F.2d at 1122.

Substantial evidence supports the Commissioner's conclusion that Chatman was overpaid SSI benefits because he failed to report income from wages and

2

workers' compensation in a timely manner. Chatman received SSI benefits totaling $2,566.42 for the months of May 2003 through February 2004 while simultaneously receiving wages and workers' compensation benefits that made him ineligible for those SSI benefits. Chatman did not report his wages until after the Commissioner requested payroll information from his employer in January 2004 and did not report his workers' compensation until he requested a waiver on March 28, 2004, several months after those payments began. Although Chatman alleges he made timely reports to the Commissioner, he offers no credible evidence to satisfy his burden of proof.

Substantial evidence supports the Commissioner's conclusion that Chatman knew or should have known he was required to report his wages and workers' compensation. Chatman had sufficient mental ability and educational achievement to maintain employment as a substitute teacher and teacher's aide. He was able to understand and comply with the requirements for obtaining benefits under a variety of government programs. He received notices of the requirement to report changes in income and had the capacity to read and understand them. His experience with previous overpayments gave him notice that increases in income were material. These circumstances reasonably support the ALJ's inference that Chatman knew or should have known his wages and workers' compensation payments were material.

We have reviewed Chatman's other contentions and determine that they lack merit.

The Commissioner applied the proper standard for determining whether Chatman was entitled to a waiver and his findings are supported by substantial evidence. The district court's judgment is AFFIRMED.