**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CELIA V. MANITSAS,

              Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

           Defendant - Appellee.

No. 12-16887

D.C. No. 4:11-cv-02691-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 17, 2013[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Celia Manitsas appeals the district court's summary judgment affirming the

Commissioner of Social Security's decision denying her request that the Social

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Administration waive recovery of overpaid disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990). We must affirm the Commissioner's refusal to waive an overpayment of benefits if it is supported by substantial evidence and if the Commissioner applied the proper legal standard. *Id.*

Substantial evidence supported the administrative law judge's finding that Manitsas was "not without fault" and therefore did not qualify for a waiver of overpayment under 42 U.S.C. § 404(b) and 20 C.F.R. § 404.507. *See McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000). Manitsas applied for a waiver, but she did not in addition request reconsideration of the initial overpayment determination pursuant to 20 C.F.R. § 404.502a(f)-(h). Accordingly, the ALJ applied a correct legal standard in not considering the validity of the overpayment determination itself. *See* 20 C.F.R. § 404.905 (providing that initial determination is binding if individual does not request reconsideration).

Manitsas contends that the ALJ erred in denying her request to reopen the overpayment determination because she was entitled to tolling under Social Security Ruling 91-5p. We affirm the district court's holding that it lacked jurisdiction to consider the merits of the ALJ's denial. The denial of the request to

2

reopen was a non-reviewable administrative action. *See* 20 C.F.R. § 404.903(l);

*Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). In addition, Manitsas did

not present a colorable due process claim. *See Klemm*, 543 F3d at 1144-45.

**AFFIRMED.**