**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENNETH DAVID ROBERTS,
     *Plaintiff-Appellant,*

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
     *Defendant-Appellee.*

No. 10-35512

D.C. No.
3:09 cv 0336 KI

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 5, 2011*
Portland, Oregon

Filed May 24, 2011

Before: A. Wallace Tashima, Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

**COUNSEL**

Tim Wilborn, Oregon City, Oregon, for the plaintiff-appellant.

Daphne Banay, Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for the defendant-appellee.

**OPINION**

PER CURIAM:

Kenneth David Roberts ("Roberts") applied for Supplemental Security Income disability benefits on October 17, 2005, alleging disability due to a combination of impairments that included bilateral carpal tunnel syndrome, degenerative disc disease, Hepatitis C, and hearing loss. After his applica-

tion was denied initially and upon reconsideration, Roberts received a hearing before an administrative law judge ("ALJ"). The ALJ determined that Roberts suffered from severe carpal tunnel syndrome, degenerative disc disease, and hearing loss, but found that he was able to perform jobs that existed in significant numbers in the national economy; hence, that he was not disabled. The district court affirmed the ALJ's decision. Roberts now appeals, contending, *inter alia*, that his waiver of his right to representation at his hearing before the ALJ was invalid. We affirm.[1]

Roberts was represented by counsel in the initial stages of his agency appeal. However, his counsel withdrew prior to his hearing before the ALJ. Roberts therefore was unrepresented at the hearing. He argues that the ALJ erred by failing to make sure he had sufficient information to make a decision regarding representation at the hearing and that this failure affected the outcome of his agency appeal.

**[1]** The Commissioner of the Social Security Administration ("Commissioner") is required by statute to "notify each claimant in writing . . . of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner . . . ." This notification must "also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." 42 U.S.C. § 406(c); *see also* 20 C.F.R. § 404.1706. Roberts does not contend that this statutory requirement was not met here, nor would he have any basis for doing so. The Notice of Disapproved Claim that he received after the initial denial of his claim and the Notice of Reconsideration that he received after denial on reconsideration both state that "you can have a friend, lawyer or someone else" help with the

---

[1] In this opinion, we address only Roberts' contention regarding his waiver of representation at the hearing. We address Roberts' remaining contentions in a memorandum disposition filed concurrently with this opinion.

appeal and that "[t]here are groups that can . . . give you free legal services if you qualify." These notices also mention the possibility of hiring an attorney on a contingency basis and refer claimants to their local Social Security office for a list of groups that can help with the appeal.

**[2]** Instead, Roberts contends that the ALJ was required to give him additional information on the value of having an attorney, and his options for securing one. He relies on two sources for this argument. One is the Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX"), which states that the ALJ "should ensure on the record" that an unrepresented claimant "has been properly advised of the right to representation and . . . is capable of making an informed choice about representation," and goes on to list several questions that an ALJ may wish to ask the claimant in order to accomplish this. HALLEX I-2-6-52. HALLEX, however, does not "carry the force of law and [is] not binding upon the agency." *Parra v. Astrue*, 481 F.3d 742, 749 (9th Cir. 2007). Therefore, we do not "review allegations of noncompliance with [its] provisions." *Id.*

The other authority on which Robert relies is *Thompson v. Sullivan*, 933 F.2d 581 (7th Cir. 1991). There, the Seventh Circuit held that the agency erred even though the claimant had received a notice of hearing stating that he had the right to be represented by an attorney, explaining the ways in which an attorney could help him at the hearing, noting the possibility of free or contingency-based representation, and listing organizations which could help him locate an attorney. *Id.* at 584. The ALJ had allowed the claimant to proceed with the hearing without representation despite the fact that the claimant had made comments at the outset suggesting that he had decided to do so because he believed his inability to pay would prevent him from obtaining an attorney. *Id.* at 585. The Seventh Circuit concluded that the ALJ had erred by failing "to fully discuss the benefits of legal representation or the possibility of contingency arrangements." *Id.* The Fifth and

Eleventh Circuits also have imposed disclosure requirements on the Commissioner that go beyond those currently required by 42 U.S.C. § 406(c). *See Edwards v. Sullivan*, 937 F.2d 580, 585-86 (11th Cir. 1991) (holding that the Commissioner is required to inform claimants that contingency fees are limited by statute to twenty-five percent of awarded benefits); *Clark v. Schweiker*, 652 F.2d 399, 403-04 (5th Cir. 1981) (holding that the Commissioner is required to inform claimants that free legal representation may be available).

**[3]** The enhanced disclosure requirements set forth in *Thompson* have never been adopted by this court. The Second Circuit recently elected *not* to adopt such requirements. *See Lamay v. Comm'r Soc. Sec. Admin.*, 562 F.3d 503, 508 (2d Cir. 2009). That court noted that the major appellate cases adopting enhanced disclosure requirements all predate the 1991 effective date of the current version of § 406(c), which mandates a more limited written disclosure to accompany the notice of an adverse decision. It concluded that the requirements of § 406(c) "supplanted prior judicially-created standards," and thus that "the statutory requirements are all that we can apply." *Id.* The court also noted that social security hearings are not meant to be adversarial in nature and that the ALJ's duty to explore for relevant facts is heightened in cases involving *pro se* claimants; therefore, "the limited, yet clear, requirements for notification enacted by Congress seem both sensible and likely adequate." *Id.* at 508-09.

**[4]** We agree with the reasoning of the Second Circuit in *Lamay* and therefore hold that no disclosure is required, other than the disclosure required by § 406(c). Because the § 406(c) disclosure requirements were met in this case, there was no agency error. Accordingly, the judgment of the district court, affirming the Commissioner's decision, is **AFFIRMED.**