**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURIE A. DEUSCHEL, | No. 09-17105 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-02072-GEB-GGH |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted March 13, 2013
San Francisco, California

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Plaintiff-Appellant Laurie Deuschel appeals the district court's decision

granting summary judgment to Defendant-Appellee Commissioner of the Social

Security Administration. Deuschel contends that the Commissioner improperly

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

denied her request to waive overpayments of disability insurance benefits totaling $13,848.30 because she was without fault in causing the overpayments. She further asserts that the district court improperly granted summary judgment on her due process claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision de novo, *Al Haramain Islamic Foundation, Inc. v. U.S. Department of the Treasury*, 686 F.3d 965, 989-90 (9th Cir. 2012), *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012), and will reverse the Commissioner's decision only if it was "based on legal error or . . . not supported by substantial evidence," *Hiler*, 687 F.3d at 1211. For the reasons discussed below, we affirm, in part, and reverse and remand, in part.[1]

I

Under the Social Security Act, overpaid individuals may seek waivers of overpayments where they are "without fault." 42 U.S.C. § 404(b). The regulations indicate that the agency must consider whether the incorrect payment "resulted from" – among other things – the failure to furnish material information or acceptance of payments that the individual "could have been expected to know" were incorrect. 20 C.F.R. § 404.507. In addition to being without fault, the

---

[1] Because the parties are familiar with the facts, we only set forth those facts necessary to explain our decision.

individual must also establish that "reimbursement should be excused because it would defeat the purpose of [the Act] or would be against equity or good conscience." *McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000) (citing § 404(b)).

The overpayments at issue occurred during three time periods: (1) April 1998 through August 1998; (2) October 1998; and (3) June 1999 through February 2000. The ALJ found, and the Appeals Council agreed, that Deuschel was not without fault because she had failed "to promptly notify" the agency "of her return to work on multiple occasions during the period at issue."

The record shows that Deuschel first advised the agency of her work activities in September 1997 and again advised the agency that she was returning to work on a full time basis in June 1999. Although there was a significant interval between Deuschel's initial report in September 1997 and the first overpayment in April 1998, we nonetheless conclude that under the "highly deferential" substantial evidence standard, *see Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990), there was sufficient support for the agency's finding that Deuschel was not without fault in causing the overpayments in the first time period. Deuschel knew that she had an obligation to report her work activities, which could affect her benefit payments. Given the complexity and amount of information required for the

3

benefits calculation (including the trial work period, two month grace period, and extended period of eligibility), the agency may have been able to assess the impact of her work on her benefits more quickly had she promptly reported her work activities.

Similarly, given that Deuschel's earnings substantially exceeded the presumptive eligibility limits in October 1998, we also conclude that she did not have a "reasonable basis" for seeking reconsideration during the second time period. *Cf. Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984). Consequently, the agency's finding that Deuschel was not without fault in causing the October 1998 overpayment was supported by substantial evidence.

In contrast, we conclude that the agency's decision regarding the third time period was not supported by substantial evidence. Deuschel returned the checks the agency sent to her in June 1999, informed the agency that she had returned to work on a full time basis, and testified that the agency had informed her that it would reissue the checks if she was eligible for a second trial work period. Deuschel's testimony was uncontradicted and the ALJ did not make an adverse credibility finding. *See Albalos v. Sullivan*, 907 F.2d 871, 873-74 (9th Cir. 1990) (indicating that an "implicit" adverse credibility finding was insufficient). Furthermore, the agency's suggestion that Deuschel's initial failure to report her

4

work activities prior to September 1997 caused the overpayments in the third time period (i.e., over twenty months later), without any supporting explanation, is unpersuasive. Consequently, substantial evidence does not support the agency's finding that Deuschel was not without fault in causing the overpayment during the third time period when the agency did, in fact, issue a check for the returned funds and informed her that she continued to be eligible for benefits. Additionally, there is no need for us to remand to determine whether Deuschel is eligible for a waiver regarding the third set of overpayments because the agency has already found that "[r]ecovery would defeat the purpose" of the Social Security Act.

Nonetheless, we find that remand is necessary for the limited purpose of calculating the amount the Commissioner must return to Deuschel. The record suggests that as of August 12, 2004, the agency had recouped all but $1,143.50 of the $13,848.30 overpayment total. It is unclear to us whether the agency subsequently recouped all or part of the outstanding $1,143.50. The record further suggests that the overpayments from the third time period totaled $7,968.00. Thus, it appears that the Commissioner must return somewhere between $7,968.00 and $6,824.50 (i.e., $7,968.00 minus $1,143.50) to Deuschel. Because the exact amount due is unclear on the present record, we remand to the district court with instructions to remand to the agency for the sole purpose of determining the precise

5

amount due to Deuschel, i.e., the value of the overpayments made between June 1999 and February 2000, minus the overpaid funds that remain in Deuschel's possession.

## II

Deuschel further claims that the Commissioner violated her due process rights by recouping the overpayments before holding a hearing and by failing to follow the agency's own rules and regulations. We have previously acknowledged that "a federal due process action may not be brought for the wrongful termination of Social Security disability benefits." *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988). Accordingly, to the extent Deuschel seeks damages, her due process claims fail. To the extent she seeks injunctive relief, as the district court noted, at this point, a hearing has taken place. Accordingly, any due process violation resulting from the failure to hold a pre-recoupment hearing was harmless. *See Al Haramain*, 686 F.3d at 989-90.

Similarly, Deuschel's due process claims are both inactionable and not supported by the record to the extent they are based on alleged violations of the agency manuals. *See Roberts v. Commissioner*, 644 F.3d 931, 933 (9th Cir. 2011) (indicating that the agency's Hallex manual "does not carry the force of law and is not binding upon the agency") (quoting *Parra v. Astrue*, 481 F.3d 742, 749 (9th

6

Cir. 2007)); *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (indicating that the agency's Poms manual "does not impose judicially enforceable duties on either this court or the ALJ") (quoting *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1073 (9th Cir. 2010)).  Consequently, the district court correctly granted summary judgment for the Commissioner on the due process claims.

The parties shall bear their own costs on this appeal.

**AFFIRMED, in part, and REVERSED AND REMANDED, in part.**