**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| DUSTIN T. WHITTEN, | No. 14-35863 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-05554-RBL |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 9, 2016**

Before:      LEAVY, GRABER, and OWENS, Circuit Judges.

Dustin T. Whitten appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge (ALJ) provided specific and legitimate reasons for giving little weight to the opinions of examining psychologists Dr. Wingate and Dr. Parker as to the severity of Whitten's mental health limitations.  The ALJ reasonably determined that the opinions were contradicted by Whitten's longitudinal treatment records, his responses on his mental status examinations, his activities of daily living, and the opinion of state agency non-examining psychologist Dr. Robinson, whose conclusion that Whitten was able to understand, remember, and carry out simple and repetitive instructions was consistent with other evidence in the record.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that an "incongruity" between a doctor's opinion and his medical records may suffice as a specific and legitimate reason for rejecting that doctor's opinion); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a contrary opinion of a non-examining medical expert may constitute substantial evidence when it is consistent with other independent evidence in the record).

In view of the medical evidence, the ALJ also gave germane reasons for giving little weight to nurse practitioner Nancy Armstrong's opinion that Whitten's shoulder and back pain, sleep apnea, and fatigue rendered him disabled.  *See* 20

C.F.R. § 404.1513(a), (d)(1) (nurse practitioner is considered an "other" medical source); *Molina,* 674 F.3d at 1111 (holding that an ALJ may discount testimony from "other sources" if the ALJ provides germane reasons for doing so). The ALJ also did not err by failing to discuss Whitten's Global Assessment of Function (GAF) scores and the clinical notes from Whitten's consultations with therapist Victoria Davis, because this evidence was neither probative nor significant in light of the other evidence in the record. *See* 20 C.F.R. § 404.1513(a); *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998) (a GAF score is merely a rough estimate of an individual's psychological, social, or occupational functioning used to reflect an individual's need for treatment and not for rating a person's ability to work); *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (ALJ need not discuss evidence that is not significant and probative).

The ALJ also provided specific, clear, and convincing reasons for rejecting Whitten's testimony and the lay witness testimony concerning his mental health limitations and shoulder and back pain. First, the ALJ's findings that Whitten's mental health symptoms, overall, were unremarkable are supported by inferences reasonably drawn from the record. *See Molina,* 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

3

record."). Second, the ALJ found that Whitten's testimony regarding the severity of his symptoms was undermined by his reports about his daily activities. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1991) (concluding that claimant's testimony about daily activities may be seen as inconsistent with the presence of a disabling condition). Finally, the ALJ reasonably determined that Whitten's poor work history suggested that his primary barrier to work was his lack of motivation, rather than a disability. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (noting that claimant "had an extremely poor work history and has shown little propensity to work in her lifetime, which negatively affected her credibility regarding her inability to work").

The ALJ also gave germane reasons for giving little weight to the lay witness testimony of Whitten's girlfriend, her children, and Whitten's roommate because their statements described essentially the same limitations as Whitten's own testimony. *See Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009). Whitten's argument that the ALJ's step-five finding did not include all of Whitten's limitations and that the ALJ's hypothetical to the vocational expert was incomplete, simply restates his argument that the ALJ improperly discounted his testimony and the lay witness testimony in making the residual functional

capacity determination. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Finally, Whitten fails to raise a colorable claim that the Commissioner violated his procedural due process rights by failing to include later-submitted evidence in the administrative record. Here, the evidence submitted to the Appeals Council post-dated the ALJ's decision and, therefore, the Commissioner properly did not include it in the administrative record. *See* 20 C.F.R. § 404.970(b)*; Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (stating that the administrative record includes evidence submitted to and considered by the Appeals Council, so long as the evidence relates to the period on or before the ALJ's decision). Whitten's contention that his right to procedural due process was violated because the Commissioner's failure to include the new evidence violated the Hearings, Appeals, and Litigation Law Manual (HALLEX), is unpersuasive. *See Roberts v. Comm'r Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011) (per curiam) (noting that the agency's HALLEX manual does not "carry the force of law and is not binding upon the agency" (*quoting Parra v. Astrue,* 481 F.3d 742, 749 (9th Cir. 2007))).

**AFFIRMED.**

5