**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLEE J. WILSON, | No. 15-35690 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05689-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted April 19, 2018[**]

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Kimberlee Wilson appeals the district court's decision affirming the

Commissioner of Social Security's denial of Wilson's application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), and we affirm.

Substantial evidence supports the ALJ's reasoning that the medical reports from Dr. Newman, Dr. Luckwitz, and Mr. Pastick were of limited value in assessing Wilson's Residual Functional Capacity (RFC). The ALJ properly relied on inconsistencies with Wilson's activities to discredit the opinions; in particular, the ALJ noted that Wilson walked and stood for 14 hours at the county fair and continued bowling after her onset date. The ALJ also relied on the fact that the opinions were based primarily on Wilson's unreliable subjective complaints. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (including inconsistencies with the claimant's activities and reliance on a claimant's unreliable self-reports as reasons that the ALJ can properly reject medical opinions from treating physicians and non-acceptable medical sources). Finally, the opinions did not include specific functional limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining that the ALJ is not required to provide any reasoning to reject medical opinions that do not contain specific functional limitations).

The ALJ properly included all relevant limitations in the RFC based on Dr. Tse's opinion. Wilson may be able to provide a competing interpretation of Dr. Tse's opinion that is consistent with her testimony. However, the ALJ's interpretation, that the opinion supported the conclusion that Wilson could perform

only modified sedentary work, is also consistent with her testimony. *See Stubbs-Danielson*, 539 F.3d at 1174 (concluding that we should defer to the ALJ when substantial evidence supports the ALJ's assessment of specific functional limitations based on the medical evidence).

The ALJ did not err by failing to discuss medical records from Dr. Newman and Dr. Gilbert. Dr. Newman's comment on Wilson's flexion contracture was not contrary to the ALJ's findings, as the ALJ noted that limitations from Wilson's old injury and surgical procedures were likely contributing to her knee symptoms and that Wilson could only perform modified sedentary work. Dr. Gilbert's comment on Wilson's ability to walk was a restatement of Wilson's subjective complaints, and thus it was not significant probative evidence that the ALJ needed to discuss. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

Because Dr. Schmitter provided a detailed explanation for his opinion, the ALJ properly gave significant weight to Dr. Schmitter's testimony regarding Wilson's functional limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Any error in the ALJ's interpretation of Dr. Schmitter's testimony is harmless because the ALJ did not rely on Dr. Schmitter's testimony regarding Mr. Pastick's records and the ALJ provided germane reasons for rejecting Mr. Pastick's opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is inconsequential to the ultimate nondisability

determination). We do not review Wilson's additional contention that the Commissioner erred by failing to include Dr. Schmitter's resume in the administrative record. *See Roberts v. Comm'r of Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011) (concluding that HALLEX does not carry the force of law and therefore we do not review allegations of non-compliance with it) (internal citations and quotations omitted).

The ALJ provided several clear and convincing reasons to discredit Wilson's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ properly discredited Wilson's testimony regarding limitations in walking and standing based on inconsistencies with Wilson's activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Second, the ALJ properly discredited Wilson's testimony based on inconsistencies with her ability to travel in her motor home. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (reasoning that the ALJ properly inferred from the claimant's travel history that the claimant was not as physically limited as he claimed in his testimony). Third, the ALJ reasonably concluded that Wilson's testimony regarding the severity of her pain was inconsistent with medical records showing that her pain was controlled with medication. *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003). Fourth, the ALJ properly discredited Wilson's testimony regarding the severity of her pain based on Wilson's choice to decline a narcotic prescription. *See Molina*, 674 F.3d

15-35690

at 1112 (including unexplained or inadequately explained failure to seek or follow treatment as a reason that the ALJ can rely on to discredit claimant testimony). Fifth, the ALJ properly discredited Wilson's testimony based on evidence that Wilson left her previous job for reasons unrelated to her disability. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Sixth, the ALJ reasonably concluded that Wilson's testimony was inconsistent with her ability to perform her past work despite her limitations. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224-25 (9th Cir. 2010).

The ALJ properly rejected the lay testimony of Wilson's husband for the same reasons that the ALJ determined that Wilson's testimony was not credible. *See Molina*, 674 F.3d at 1114 (concluding that the ALJ properly rejects lay testimony by referring to valid reasons for rejecting testimony from other witnesses).

Substantial evidence supports the ALJ's conclusion that Wilson did not meet listing 1.02. Wilson did not present medical findings equivalent to the "major dysfunction of a joint" criterion for listing 1.02, and in any case, the ALJ's contrary interpretation of the record is reasonable. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (requiring us to defer to the ALJ when substantial evidence supports the ALJ's reasoning).

The ALJ properly included all limitations that were supported by substantial

evidence in the RFC, and properly based his findings at step four on a hypothetical that included the RFC. *See Stubbs-Danielson*, 539 F.3d at 1174-76 (concluding that the claimant fails to raise a fresh issue based on the RFC and vocational expert testimony by restating earlier arguments about the medical evidence).

**AFFIRMED.**