NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNA RENEE CITIZEN, | No.   18-55734 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01505-AGR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Submitted November 23, 2020[**]

Before:  GOODWIN, SCHROEDER, and SILVERMAN, Circuit Judges.

Donna Renee Citizen appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Citizen's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We review de novo, *Ford v. Saul*, 950 F.3d 1141, 1153-54

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2020), and we affirm.

The administrative law judge ("ALJ") did not err in failing to afford Citizen the opportunity to cross-examine the vocational expert or to assist her with cross-examination. The vocational expert's testimony that Citizen could perform three occupations despite her ability to stand and walk for only six hours in an eight-hour workday did not trigger the ALJ's duty to develop the record because it did not conflict with the *Dictionary of Occupational Titles* ("DOT"), which describes these occupations as light work. *See Ford*, 950 F.3d at 1160 (an obvious or apparent conflict between a vocational expert's testimony and the DOT triggers the ALJ's duty to develop the record, and the ALJ is obligated to investigate and resolve the conflict); Social Security Ruling 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (defining light work). Nor did any apparent conflict between the vocational expert's testimony and the *Occupational Outlook Handbook* ("OOH") or other publications trigger the ALJ's duty to further develop the record. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2018) (rejecting the claimant's contention that ALJ was required sua sponte to investigate a conflict between the vocational expert's testimony and the OOH or a publication other than the DOT).

Citizen has not raised a colorable due process claim in the ALJ's failure to orally advise her of her right to cross examine the vocational expert because Citizen twice received written notice of her right to question witnesses. *See Dexter*

*v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (a claimant generally must exhaust administrative remedies, but an exception exists for a colorable due process claim that implicates the right to a meaningful opportunity to be heard); *Roberts v. Comm'r of the Soc. Sec. Admin.*, 644 F.3d 931, 934 (9th Cir. 2011) (per curiam) (agency satisfied its duty to inform pro se claimant of his statutory right to representation at a hearing by sending written notices that explained that right). Moreover, although the ALJ did not orally advise Citizen of her right to cross examine the vocational expert, immediately after the vocational expert testified the ALJ asked Citizen, "Now is there anything else that I need to know before I make this decision? Anything that we haven't covered?"

Citizen's motion for judicial notice (Docket Entry No. 12) is DENIED.

**AFFIRMED.**