NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN H. HARMON II,<br><br>               Plaintiff-Appellant,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>              Defendant-Appellee. | No.   20-35469<br><br>D.C. No. 1:18-cv-00145-TJC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted March 3, 2021[**]
Pasadena, California

Before: GRABER, MILLER, and LEE, Circuit Judges.

John H. Harmon II appeals from the district court's order affirming the

decision of an administrative law judge (ALJ) that Harmon is no longer eligible for

disability insurance benefits and supplemental security income under Titles II and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm the district court's decision as to Harmon's procedural challenges, but we reverse the district court's decision as to the merits of the ALJ's determination. We remand with instructions for the district court to remand to the Social Security Administration for further proceedings.

1. The ALJ did not violate Harmon's right to receive notice of his right to representation under 42 U.S.C. § 406(c). *See Roberts v. Commissioner of Soc. Sec. Admin.*, 644 F.3d 931, 933–34 (9th Cir. 2011) (per curiam). Harmon received two notices of his right to representation, as well as a list of local legal services organizations that could assist him in finding representation. On the day of the hearing, Harmon affirmed that he was aware of his right to representation, and he signed a written waiver of that right. The record does not indicate that Harmon lacked the capacity to understand the notice he received or the waiver he signed. *Cf. Vidal v. Harris*, 637 F.2d 710, 714 (9th Cir. 1981). We therefore agree with the district court that Harmon voluntarily waived representation, and we conclude that a remand to investigate the circumstances surrounding Harmon's signing of the waiver is not warranted.

2. We also agree with the district court that the ALJ did not violate his duty to develop the record by failing to obtain records from a vocational program, Community Option Resource/Enterprises, Inc. (COR). The ALJ has "an

2

independent duty to fully and fairly develop the record," *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotations and citations omitted), but this duty is triggered only if "there is ambiguous evidence or . . . the record is inadequate to allow for proper evaluation of the evidence," *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)). Here, the absence of the COR records did not make the record ambiguous or inadequate. Harmon had not obtained a job through COR since 2013—three years before the Commissioner alleged that Harmon's period of disability had ended. And the record included statements from Harmon, Harmon's uncle, and two physicians that Harmon would need assistance to obtain employment. Because it is unlikely that the COR records would have benefited Harmon in these proceedings, the ALJ did not err in failing to obtain them, nor did their absence prejudice Harmon's claim. *See Mayes*, 276 F.3d at 459–60.

3. The ALJ erred in discounting Harmon's testimony about the severity of his hand tremors. We review an ALJ's factual findings for substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Because the ALJ found that Harmon's impairments could produce his alleged symptoms, the ALJ had to provide clear and convincing reasons for rejecting Harmon's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ rejected Harmon's testimony that his hand tremors were severe on the grounds that there was no

3

"objective examination evidence of tremors" and that Harmon's tremors were inconsistent with his activities of daily living, especially the considerable time he spent playing video games.

The record does not support the ALJ's reasoning. While it is true that Harmon's recent physical exams did not note his hand tremors, the ALJ must consider examination evidence within the context of the entire record. *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The record contains overwhelming evidence that Harmon has suffered from hand tremors since he was a young child, including observations of the tremors by Harmon's teachers and psychological examiners. And the medical evidence indicates that Harmon's tremors were worsening—not improving—at the time of Harmon's hearing. By focusing solely on Harmon's physical examination, the ALJ impermissibly ignored the significant evidence of severe tremors in the record. *See Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Furthermore, in discounting Harmon's testimony as inconsistent with his daily activities, the ALJ overlooked crucial record evidence that Harmon's hand tremors have limited his ability to write. When he was in school, Harmon required the assistance of a one-on-one aide to complete his writing assignments. And the record shows that Harmon still needed assistance with writing at the time of the hearing. Harmon's treating physician, Dr. Kristen Morissette, noted that Harmon

4

needed help from her medical assistant to complete paperwork. And Dr. Tom Peterson described Harmon's handwriting as "primitive." In discounting Harmon's hand tremors on the basis that Harmon could play video games, without considering the effect the tremors have had on Harmon's writing, the ALJ ignored competent and compelling evidence that contradicted his findings. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017); *Holohan*, 246 F.3d at 1208.

This error was not harmless. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). The hypotheticals the ALJ presented to the vocational expert assumed that Harmon could "frequently handle, finger, and feel" and did not address Harmon's impaired writing ability. Because these hypotheticals did not reflect all of Harmon's limitations, the vocational expert's testimony was inadequate and cannot support the ALJ's determination that Harmon was not entitled to benefits. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). We therefore remand this case for further proceedings. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

On remand, the ALJ should consider the evidence of Harmon's hand tremors, particularly the effect they have had on Harmon's writing, and evaluate whether Harmon's testimony should be credited in light of this evidence. Because we hold that the ALJ erred in discounting Harmon's symptom testimony, we do not consider whether the ALJ also erred in assigning only partial weight to Dr.

Peterson's opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Costs shall be taxed against the appellee.